Richard Freeman HOGAN, and Rose Marie Hogan, Plaintiffs,

v.

UNITED STATES of America, David B. Livingston, and Does 1 through 20, Defendants.

Civ. No. 86–0503–E.

United States District Court, S.D. California.

Aug. 15, 1986.

Peter J. Mueller, Mueller & Abbott, Escondido, Cal., for plaintiffs.

Peter K. Nunez, U.S. Atty., Thomas B. Reeve, Jr., Sp. Asst. U.S. Atty., San Diego, Cal., for defendants.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

This FTCA claim against the United States arises from an assault upon a civilian officiating an intra-service football game at Camp Pendleton Marine Base, Oceanside, California. Plaintiff Richard Hogan sues the United States for negligent supervision of the crowd, participants, and the assailant—defendant Corporal Livingston. Livingston is also named as a defendant under pendent state claims. Plaintiff's wife, Rose Hogan, joins Hogan in both his FTCA claim against the United States and the pendent claims against Livingston. She claims loss of consortium.

## BACKGROUND

Camp Pendleton Special Services hired the Margarita Officials Association to provide officials for an intra-service on-post football game on August 16, 1984. The association supplied Hogan as referee. Late in the game a penalty against Livingston's team caused a touchdown to be called back. After plaintiff signaled that the score was nullified, defendant, a participant in the game, ran up and challenged this decision. Plaintiff indicated that the call would stand, and turned his back. Livingston then removed his helmet and clubbed plaintiff in the back of his neck. Plaintiff fell to the ground. He claims that he was knocked unconscious; the government contends that he only saw stars. In any event, he was taken to the base hospital for examination. After x-rays, the hospital released him, and he drove home. Hogan's association was billed, and paid, $49 for outpatient services.

On October 8, 1984, Hogan filed on his behalf only an administrative claim with

the Marine Corps for $500,000 in personal injuries. The United States denied this claim on October 30, 1985.

On March 5, 1986, the Hogans filed this action. The United States moves to dismiss for lack of subject matter jurisdiction. It urges that plaintiff's alleged negligence claim must be recharacterized as one arising from an assault and battery, a claim excluded from the FTCA's immunity waiver. The government also moves to dismiss Rose Hogan's claim on the same grounds, and for failure to exhaust administrative remedies. For the reasons set forth below, the government's motions shall be granted.

## DISCUSSION

The United States is generally immune from suit, and may be sued only to the extent it has consented to be sued. *See, United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Mill v. United States,* 571 F.2d 1098, 1101 (9th Cir.1978). This lawsuit seeks to proceed under the limited tort liability waiver of the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). The exceptions to FTCA immunity waiver appear at 28 U.S.C. § 2680. Section 2680(h) expressly excludes from liability claims arising out of assault or battery: "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to—Any claim arising out of assault [or] battery...."

■ Plaintiffs attempt to avoid this exception to immunity waiver by alleging that the injury arose not out of a battery, but from negligent failure to supervise an off-duty serviceman. As mentioned, they contend that Livingston should not have been allowed to participate in the first place because the United States knew he was prone to violence, and they assail the overall lack of supervision over the event.

The court notes at the outset that the evidence submitted in opposition supports but does not add to plaintiffs' liability theory. It does not recast the posture of the government's motion which contends only that the FTCA does not extend to intention-al torts cloaked in allegations, or for that matter proof, of negligent failure to supervise.

The Supreme Court recently addressed this issue in *United States v. Shearer,* —— U.S. ——, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). There, the mother of a deceased serviceman kidnapped and killed by another serviceman sued the government under the FTCA alleging that it negligently failed to supervise the killer knowing that he had been previously convicted of manslaughter while stationed in Germany. The Court of Appeals for the Third Circuit reversed summary judgment entered in favor of the government on grounds that neither *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), nor § 2680(h)'s intentional tort exception barred liability where it was alleged that the battery was the natural result of the government's negligence, such that the battery may be deemed to have its roots in negligence and thus within the scope of the FTCA.

The eight Supreme Court justices considering the case (Justice Powell did not participate) reversed, unanimously holding that the *Feres* doctrine barred the action. Three justices joined the Chief Justice in alternatively ruling that Mrs. Shearer's FTCA claim was also barred by the intentional tort feasor exception presently at issue:

> The Federal Tort Claims Act's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault [or] battery," 28 U.S.C. § 2680(h), and it is clear that [plaintiff's] claim arises out of the battery committed by Private Heard. No semantical recasting of events can alter the fact that the battery was the immediate cause of Private Shearer's death and, consequently, the basis of respondent's claim.

> Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it ex-

cludes any claim *arising out* of assault or battery. We read this provision to cover claims like [plaintiff's] that sound in negligence but stem from a battery committed by a Government employee....

*Shearer,* 105 S.Ct. at 3042 (original emphasis). The Chief Justice's rather straight forward logic found support in legislative history:

[I]t appears that Congress believed that § 2680(h) would bar claims arising out of a certain type of factual situation—deliberate attacks by Government employees. For example, Congress was advised by the Department of Justice that the exception would apply "where some agent of the Government gets in a fight with some fellow ... [a]nd socks him." Tort Claims: Hearings on H.R. 5373 and H.R. 6463 before the House Committee on the Judiciary, 77th Cong., 2d Sess., 33 (1942).

*Shearer* 105 S.Ct. at 3042.

While *Shearer's* signal in this regard remains *dictum,* it is directly on point, persuasive, and has subsequently been adopted by each of the three circuits to consider the question:

Plaintiff's wrongful death claim predicated on a negligence theory merely obfuscates the fact that Hulstines' death was a result of the battery committed on him by Koenig, Kinman and Adams.... Although the *Shearer* opinion was equivocal precedential value, this court finds the reasoning to be compelling.... Because plaintiff's complaint sets forth an intentional tort claim merely sounding in negligence, such claim falls within the exception embodied in § 2680(h), and was therefore properly dismissed.

*Satterfield v. United States,* 788 F.2d 395, 399–400 (6th Cir.1986); *accord, Johnson by Johnson v. United States,* 788 F.2d 845, 850 (2d Cir.1986) ("[w]e agree with the Chief Justice that the plain language of § 2680(h) prohibits claimants from clothing assault and battery actions in the garb of negligent failure to prevent the attack"); *Garcia v. United States,* 776 F.2d 116, 118 (5th Cir.1985); *see also, Naisbitt v. United*

*States,* 611 F.2d 1350, 1353–54 (10th Cir.) *cert. denied,* 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980) (barring FTCA suit for negligent supervision).

As in *Shearer,* the fact remains that plaintiff sustained his trauma as the immediate result of a battery committed by an off-duty serviceman. Creative pleading cannot supplant Congress' broad exception to immunity waiver embodied in § 2680(h)'s "arising out of" proviso. As stated in *Garcia v. United States,* the government's waiver of sovereign immunity must be "narrowly read," such that any ambiguity in the scope of claims precluded by the "arising out of" language should be resolved against consent to suit. *Garcia,* 776 F.2d at 118.

The court recognizes that the decision in *DeLong v. United States,* 600 F.Supp. 331 (D. Alaska 1984), supports the opposite disposition. The *DeLong* decision, however, was rendered without the benefit of *Shearer,* and its acknowledged "minority" position is neither persuasive nor binding on this court.

Permitting Hogan's action against the United States to go forward as cast would both avoid the requirements of the FTCA, and potentially involve this court in military considerations concerning the control of soldiers on a military base, a task best left to professional military judgment. *See, Shearer,* 105 S.Ct. at 3044; *Louie v. United States,* 776 F.2d 819, 826 (9th Cir. 1985). The government's motion against Hogan is well taken.

The same fatal infirmities apply to Mrs. Hogan's claim against the United States for loss of consortium. She seeks recovery for injuries "arising out of" the battery inflicted upon her husband. Additionally, she appears to have failed to file an administrative claim, a jurisdictional prerequisite to maintaining an FTCA action. 28 U.S.C. § 2675.

■ With claims against the United States accordingly dismissed, an issue unaddressed by the parties remains: the

**816**

propriety of exercising continuing jurisdiction over the pendent tort claims against Corporal Livingston. No separate statement of jurisdiction is pleaded as to this defendant, and, at this juncture, jurisdiction is merely ancillary to the attempted FTCA claims.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held that it was within the trial court's discretion to dismiss pendent claims after dismissing "anchor" federal claims. Courts are to look to the "considerations of judicial economy, convenience and fairness to the litigants." *Id.*, 86 S.Ct. at 1139. Judicial economy does not favor federal resolution of a strictly state tort action unaccompanied by federal claims arising out of the same set of facts. Absent an independent basis for exercising jurisdiction, or a showing of insurmountable prejudice to plaintiffs, this court is inclined to dismiss the pendent claims against Livingston under *Gibbs*. Dismissal shall be conditioned upon plaintiffs' filing within 20 days an amended complaint showing an independent basis for jurisdiction, or upon plaintiffs' filing within 10 days a motion to reconsider which is subsequently granted.

### CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth herein, the court grants the United States' motion to dismiss all claims against it for lack of subject matter jurisdiction.

Further, the court conditionally dismisses all pendent claims against David B. Livingston, subject to plaintiffs' filing an amended complaint within 20 days showing an independent basis for jurisdiction, or upon plaintiffs' filing within 10 days a motion to reconsider which is subsequently granted.

Finally, the so-called Doe defendants are struck from the complaint; federal law does not recognize Doe defendants.